IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GEORGE LAMAR DARRYL FOSTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP-18-CV-00049-DB-ATB |
| | § | |
| OSCAR A. LAZALDE, | § | |
| MICHAEL E. TRUJILLO, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court considered the status of the above-styled and numbered cause. On February 9, 2018, *pro se* Plaintiff George Lamar Darryl Foster filed an application to proceed *in forma pauperis* and a Complaint. (ECF. No. 1). On March 9, 2018, after submitting the required supplemental information, the Court granted Plaintiff's application and his Complaint was filed. (ECF. Nos. 5-7). In the Order, the Court noted that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915." (ECF. No. 6). The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous.

I.   **BACKGROUND**

As it must, the Court accepts Plaintiff's well-pleaded allegations as true for the purposes of this Report and Recommendation. However, because Plaintiff's criminal case took place in this Court, the Court takes judicial notice of the docket in *United States of America v. George*

*Lamar Darryl Foster*, 3:16-CR-01340-DB-1 (2016).[1] *See ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2. (5th Cir. 1981) ("A court may . . . take judicial notice of its own records . . . ."); Fed. R. Evid. 201(b)(2).

On July 8, 2016, a criminal complaint was filed against Plaintiff for violations of 21 U.S.C. § 841(a)(1) and 8 U.S.C. § 1324 before Senior District Judge David Briones. (CD 1). On July 13, 2016, Magistrate Judge Miguel A. Torres set Plaintiff's bond at $30,000 cash or corporate surety. (CD 21). Plaintiff was ordered to reside in Fresno, California and report to Pretrial Services as directed. (*Id.*).

On January 17, 2017, El Paso U.S. Pretrial Services Officer Oscar A. Lazalde filed a Petition for Action seeking revocation of Plaintiff's bond. (CD 80; ECF. No. 7, p. 11-13). Relevant here, Officer Lazalde reported the following information from the Fresno United States Pretrial Services Office:

- On October 14, 2016 a Violation Notice was submitted informing Plaintiff that his urine samples tested positive for marijuana on August 9, 2016, August 23, 2016, and September 26, 2016;

- The samples were sent for confirmation to Alere Laboratories, which determined that Plaintiff re-used marijuana prior to the collections on August 23, 2016 and September 26, 2016;

- Plaintiff maintained that he did not use marijuana;

- Plaintiff's bond was thereafter modified to include location monitoring; and

- Plaintiff failed to report to U.S. Pretrial Services in Fresno and provide urine samples on October 25, 2016; November 1, 2016; November 16, 2016; December 6, 2016; December 19, 2016; January 7, 2017; and January 10, 2017.

(*Id.*). An arrest warrant was then issued for Plaintiff, signed by Michael Trujillo of the United States District Clerk's Office. (CD 81, ECF. No. 7 p. 14). Thereafter, Judge Briones revoked

---

[1] Hereinafter, all citations to the docket of Plaintiff's criminal case shall be referred to as "CD." All remaining ECF citations shall refer to the immediate case.

Plaintiff's bond and remanded him into custody. (CD 93, ECF. No. 7 p. 16).

Consequently, Plaintiff asserts that Officer Lazalde and Michael Trujillo: (1) colluded to violate Plaintiff's Equal Protection rights in violation of 42 U.S.C. §§ 1985, 1986, 1988 by fabricating positive urine tests; (2) violated his Eighth Amendment rights by, *inter alia*, committing perjury; and (3) "were responsible for Plaintiff's wrongfully being violated [sic] for a false positive urine test, in violation of U.S.C. § 4042, 42 U.S.C. 1985, 1986, 1988 and 5th, 8th, 14th Amend. U.S. Const." (ECF. No. 7, p. 4-5). Plaintiff seeks declaratory, compensatory, and punitive relief. (*Id*. at p. 5-6). Plaintiff also requests an adjustment of his custody level as the bond revocation increased his custody level within the Bureau of Prisons. (*Id*. at p. 4, 6.)

Additionally, Plaintiff asserts two *non sequitur* factual allegations. First, Plaintiff attaches an October 21, 2016 drug panel from Omega Laboratories that shows Plaintiff did not test positive for marijuana. (ECF. No. 7, p. 17). Plaintiff implicitly argues that, because this drug test was negative, he did not test positive for marijuana on August 9, 2016, August 23, 2016, and September 26, 2016. However, subsequently testing negative for marijuana does not establish that Plaintiff did not use drugs months prior. Accordingly, this evidence demonstrates nothing relevant.

Second, Plaintiff argues that "[i]t was later established that I did not violate conditions of Pretrial Bond because the courts returned the $20,000 [] cash bond minus $4,500 []. Had the courts proved that I violated any conditions of the Pretrial Release I would have had to forfeit bail." (ECF. No. 7, p. 3-4). However, Plaintiff misunderstands the nature of bail forfeitures. Judges retain discretion under the Federal Rules of Criminal Procedure to set aside or remit bail forfeitures, in whole or in part. *See* Fed. R. Crim. P. 46(f) *et seq*. Although the nomenclature differs slightly, Judge Briones revoked Plaintiff's bond and set aside a portion pursuant to Fed.

R. Crim. P. 46(f)(2). Indeed, a review of the docket establishes that Plaintiff had his bond revoked and was never subsequently released. (CD 93, 95-96, 138). Accordingly, contrary to Plaintiff's conclusory assertion, it was never established that he did not violate the conditions of his pretrial bond. (*See id*.).

## II. LEGAL STANDARD

28 U.S.C. § 1915 instructs that a court "shall" dismiss an *in forma pauperis* complaint at any time, if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The court may *sua sponte* dismiss a complaint pursuant to 28 U.S.C. § 1915 without serving defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992)).

To determine whether a complaint fails to state a claim upon which relief may be granted, courts engage in the Federal Rule of Civil Procedure 12(b)(6) analysis. *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam). Under this standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). To meet this pleading standard, the complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

### III. ANALYSIS

"In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This concept is referred to as the "favorable termination rule" or the "*Heck* bar." *See e.g., Cowart v. Chavez*, 2016 U.S. Dist. LEXIS 53803, at *4 (E.D. Cal. 2016).

Although *Heck* addressed a § 1983 claim, it applies to causes of action pursuant to *Bivens*, and 42 U.S.C. §§ 1985, 1986. *Stephenson v. Reno*, 28 F.3d 26, 26 (5th Cir. 1994) (*Heck*

bar applies to *Bivens* and § 1985 claims by federal prisoners); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (applying *Heck* bar to *Bivens* claims); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n. 4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985 and 1986.") (citing *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (applying *Heck* to § 1985 action); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("*Heck* therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims.")). Similarly, although *Heck* addressed only a claim for damages, the *Heck* bar can also apply to requests for declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (declaratory relief); *Clarke v. Stalder,* 154 F.3d 186, 190-91 (5th Cir. 1998) (injunctive relief).

The rule in *Heck* is not limited to claims challenging the validity of criminal convictions. Rather, it applies to many ancillary criminal rulings, because challenging these rulings would necessarily imply the validity of a plaintiff's imprisonment. *See e.g., Edwards*, 520 U.S. at 648 (prison good time credits); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) (allegedly coercive pretrial statements regarding pending charges); *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam) (parole revocations). Consequently, because a plaintiff would need to prove the unlawfulness of his bond revocation and subsequent detention, the *Heck* bar applies to claims involving bond revocations. *Jackson v. Thomas*, 2009 U.S. Dist. LEXIS 51449, at *5-6 (S.D. Tex. 2009); *Ippolito v. Justice Serv. Div*., 2014 U.S. Dist. LEXIS 13606, at *4 (D. Colo. 2014).

Lastly, as is intuitively obvious, claims of false evidence presented during various criminal proceedings necessarily implicate the validity of those proceedings. *See Shaw v. Harris,* 116 F. App'x 499, 500 (5th Cir. 2004) (per curiam) (finding claims that false evidence

was presented at trial and state habeas proceeding barred by *Heck*); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (per curiam) (finding claim based on theory that there was no probable cause for an arrest barred by *Heck*); *see also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him). In sum, claims of false evidence, perjury, and a lack of probable cause for a bond revocation are subject to the *Heck* favorable termination rule.

Here, a judgment that Defendants lacked probable cause, fabricated evidence, or committed perjury in seeking revocation of Plaintiff's bond would necessarily imply the validity of Plaintiff's bond revocation. Similarly, an order lowering Plaintiff's custody status would necessarily imply the validity of the bond revocation which caused the increase. Plaintiff must therefore show that the judgment revoking his bond has been reversed, invalidated, or expunged prior to bringing this action. Plaintiff has not, and cannot, make this showing. Indeed, a review of Plaintiff's criminal case indicates that Judge Briones revoked Plaintiff's bond, placed him in custody, and entered no order reversing the bond revocation. (CD 93, 95, 96). Plaintiff's claims, therefore, remain barred by *Heck*. Accordingly, the Court finds that Plaintiff's claim challenging his bond revocation is legally frivolous. *Hamilton*, 74 F.3d at 102-103 ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims should be **DISMISSED WITH PREJUDICE** to their being asserted again, until the *Heck* conditions are met, for being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Deleon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

**SIGNED** and **ENTERED** this 9th day of March, 2018.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**